IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GARY LAMONT ABRAHAM,<br><br>                 Plaintiff,<br><br>vs.<br><br>FARMERS INSURANCE, et al; and LIBERTY MUTUAL, et al;<br><br>                 Defendants. | CASE NO. 8:13CV129<br><br>MEMORANDUM<br>AND ORDER |

      This matter is before the Court on the Motion to Reconsider (Filing No. 21) filed by Plaintiff Gary Lamont Abraham ("Plaintiff"). The Plaintiff asks the Court to vacate the Memorandum and Order and Judgment of August 23, 2013 (Filing Nos. 19 and 20), dismissing Plaintiff's Complaint without prejudice. Plaintiff brings his Motion under Fed. R. Civ. P. 59(e). Accordingly, Plaintiff's Motion will be construed as a motion to alter or amend judgment. For the reasons discussed below, Plaintiff's Motion will be denied.

## BACKGROUND

      Plaintiff originally filed a complaint on April 22, 2013. Defendants filed a Motion to Dismiss (Filing No. 10) on June 3, 2013. The Court granted Defendants' Motion to Dismiss on August 23, 2013 (Filing No. 19). The Court concluded that Plaintiff had not adequately pled that the amount in controversy sufficient to establish diversity jurisdiction. The Court noted that it was Plaintiff's burden to prove the requisite amount by the preponderance of the evidence, and that no presumptive truthfulness attached to the Plaintiff's allegations. (Id. at 5-6.); *see also Trimble v. Asarco, Inc.*, 232 F.3d 946, 959-60 (8th Cir. 2000). The Court concluded that nothing in the Amended Complaint or the record before the Court substantiated Plaintiff's claims as to the amount in

controversy. Thus, the Plaintiff failed to meet his burden, and his claims were dismissed. Plaintiff now seeks reconsideration of the Court's August 23, 2013, Order, claiming that the Court did not adequately consider other damages available to Plaintiff.

## DISCUSSION

Motions to reconsider provide "for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008).[1] The Court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Rule 59(e) motions serve a limited function of correcting "manifest errors of law or fact or to present newly discovered evidence." *Id.* (quoting *Innovative Home Health Care v. P.T.-O.T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* The moving party must show that the evidence was discovered after the trial, that the moving party exercised due diligence to discover the evidence before the trial ended, that the evidence is material and not merely cumulative or impeaching, and that a new trial including the new evidence would probably produce a different result. *Id.*

Plaintiff concedes that his actual damages resulting from his vehicle accident were $7,823.00. However, Plaintiff argues that the Court failed to consider the extent of his insurance policy limits, and asserts that he is providing new evidence to substantiate

---

[1] Although the Court in Jones was analyzing a motion brought under Fed. R. Civ. P. 60(b), the Eighth Circuit has stated that Rule 59(e) and Rule 60(b)(2) are "analyzed identically." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 n. 3 (8th Cir.2006).

2

his damages.  The "newly discovered evidence" Plaintiff provides is insufficient to warrant relief under Rule 59(e).  Even with the additional amounts of $458.00 for lost wages, and potentially $3,600.00 in rental car fees, Plaintiff's claims fall well short of the requisite jurisdictional amount.  Plaintiff provides no newly discovered evidence to calculate his estimation of punitive damages, nor does he provide any new evidence substantiating his claim for any other loss.  Further, Plaintiff has not demonstrated any manifest error in the Court's decision.  Plaintiff has not met his burden of establishing the amount in controversy, and fails to provide any reason that his Motion should be reconsidered under Rule 59(e).  Accordingly,

IT IS ORDERED:  The Motion to Reconsider (Filing No. 21) filed by Plaintiff Gary Lamont Abraham, is denied.

Dated this 19th day of September, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge